## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **LEONEL DE LA FUENTE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | **CIVIL ACTION NO.** |
| v. | § | |
| | § | _____ |
| **NEW MILLENNIUM CONCEPTS LTD.,** | § | |
| **eEMPLOYERS SOLUTIONS, INC.,** | § | |
| **and JAMES B. SHEPHERD,** | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

### I.

### INTRODUCTION

Plaintiff Leonel De La Fuente files this Original Complaint against Defendants New Millennium Concepts Ltd. ("New Millennium"), eEmployers Solutions, Inc. ("eESI"), and James B. Shepherd ("Shepherd"), collectively "Defendants."

## II.

## PARTIES

1. Plaintiff is an individual and a citizen of Dallas County, Texas.

2. Defendant New Millennium Concepts Ltd. is a partnership organized under the laws of the state of Texas with its principal place of business located at 3301 Airport Freeway, Suite 103, Bedford, Texas 76021. New Millennium may be served with process, including summons and a copy of this lawsuit, by serving New Millennium's registered agent for service of process, William E. Johnson III, 3616 Maple Avenue, Dallas, Texas 75219.

3. Defendant eESI is a corporation organized under the laws of the state of Texas with its principal place of business located at 12211 Huebner Road, San Antonio, Texas 78230. eESI may be served with process, including summons and a copy of this lawsuit, by serving eESI's registered agent for service of process, Corporate Creations Network, Inc, at 5444 Westheimer Road, Suite 1000, Houston, Texas 77056.

4. Defendant James B. Shepherd is an individual and citizen of Saguache County, Colorado, and can be served at his compound located near 49130 County Road LL56, Villa Grove, Colorado, or wherever he may be found.

## III.

## JURISDICTION

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts a claim arising under federal law.

## IV.

## VENUE

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Tarrant County.

7. Tarrant County lies within the Fort Worth Division of the Northern District of Texas, as set forth in 28 U.S.C. § 124(a)(2).

## V.

## BACKGROUND FACTS

8. Plaintiff is a Hispanic male who immigrated from Venezuela and worked for Defendants as a Senior Operations Manager from on or around October 18, 2019, until he was wrongfully terminated on or around June 19, 2022.

9. Throughout the course of Plaintiff's employment, he received positive evaluations and appraisals of his work, including the award of a $20,000 bonus and raise in 2020.

10. New Millennium is owned by James B. Shepherd, a white male.

11. Plaintiff was hired by Shepherd's son, David, who left the company in December 2020.

12. On or around January 13 and 14, 2021, Plaintiff met with Shepherd, Susan Spaar (a White female), and Project Manager Paul Siebert (white male) at Shepherd's residential compound in Villa Grove, Colorado.

13. While there, Shepherd talked to Plaintiff, Siebert, and Spaar about the New World Order and that Bill Gates created the Coronavirus to exterminate white people.

14. Shepherd also claimed that immigrants were coming into the United States and voting and that this was a threat to the white population.

15. Shepherd also made negative comments about the Mormon Church and said that the Mormon Sales Director Shawn Elliott, who reported to Plaintiff, should not be working for the company.

16. Shepherd also made a number of antisemitic and homophobic comments during this meeting.

17. Siebert is Jewish and was present for these comments.

18. When Plaintiff was hired by David Shepherd, Plaintiff and Defendants entered into a contract for Plaintiff's employment ("the Employment Contract").

19. The Employment Contract specified that Plaintiff would be given fourteen-days' advance and paid notice of the separation of his employment.

20. The Employment Contract also specified certain financial incentives to which Plaintiff was entitled as part of his compensation, to wit:

   a. For 2021, Plaintiff would receive a $10,000 bonus; and,

   b. Starting in October 2021, Plaintiff would receive .08% of New Millennium's sales.

21. When Defendants failed to pay Plaintiff both the .08% percentage incentive and the $10,000 bonus, Plaintiff contacted Shepherd about it on or around October 20, 2021.

22. At first, Shepherd asked for additional information about Plaintiff's compensation structure, which Plaintiff provided.

23. For months thereafter, Shepherd put Plaintiff off with various excuses.

24. Defendants never paid Plaintiff the 2021 $10,000 bonus, nor any of the revenue-based incentive he was promised for October 2021 onward.

25. On or around June 19, 2022, in an email titled "Department Closure," Shepherd abruptly terminated Plaintiff's employment and told him that his position and department were being "close[d] down" due to "economic conditions."

26. Defendants, however, continued to maintain Plaintiff's department and replaced Plaintiff with Siebert, a white male, as "Operations Manager."

27. Even while Siebert reported to Plaintiff, Defendants paid Siebert more than Plaintiff.

28. Siebert had no prior experience in Operations, whereas Plaintiff had Operations experience with Defendants and from running his own company.

29. Siebert also has no college education whereas Plaintiff has both Bachelor and Master of Business Administration degrees.

30. Other than Plaintiff, no other employees of the Administrative Department were terminated at that time.

31. Upon information and belief, the last several individuals Defendants terminated were all ethnic minorities, including Gabriel Corrales, Dale Lin, Ruben DeLeon, and Plaintiff.

32. When Elliott terminated Dale Lin, an Asian male, New Millennium's HR Liaison Sarah Melton told Plaintiff she was concerned that New Millennium was "establishing a pattern of only terminating minorities," or words of similar effect.

33. Even after Plaintiff's termination, Defendants terminated Sales employee Gus Garcia, a Hispanic male from Central America.

34. Defendants' normal practice was for New Millennium to consult eESI before terminating employees, which – upon information and belief – did not happen for Plaintiff's termination.

## VI.

## CAUSES OF ACTION

A. **First Cause of Action—Section 1981**

35. Plaintiff incorporates each of the foregoing paragraphs.

36. Defendants' termination of Plaintiff's employment violated 42 U.S.C. § 1981.

37. Section 1981 provides that all persons within the United States shall have the same right to make and enforce contracts and to the full and equal benefit of all laws as is enjoyed by white citizens.

38. This law entitles a person of color to equal opportunity and treatment in employment.

39. When an employer acts adversely against a person of color because of that person's race, the law has been violated and the person of color may file suit and recover damages.

40. Defendants' termination of Plaintiff's employment constitutes the required adverse employment action prohibited by Section 1981.

41. Defendants have a pattern and practice of discriminating based on race.

B. **Second Cause of Action—Breach of Contract**

42. Plaintiff incorporates each of the foregoing paragraphs.

43. Plaintiff agreed to work for Defendants.

44. Defendants offered to pay Plaintiff financial incentives and provide a fourteen-day advance notice of termination, which Plaintiff accepted.

45. Defendants did not comply with this agreement.

46. Defendants breached the agreement and contract with Plaintiff.

47. Defendants' breach of the contract has caused Plaintiff damages.

**C.   Third Cause of Action—Quantum Meruit**

48. Plaintiff incorporates each of the foregoing paragraphs.

49. Plaintiff provided valuable services to Defendants.

50. Defendants accepted Plaintiff's services and kept the incentive monies.

51. Defendants were reasonably notified that Plaintiff, in performing, expected to receive the promised commissions.

52. Defendants failed to do so.

**D.   Fourth Cause of Action—Fraud**

53. Plaintiff incorporates each of the foregoing paragraphs.

54. Defendants made a material representation to Plaintiff about commissions he would be paid.

55. Defendants knew the representation was false or made the representation recklessly without any knowledge of its truth.

56. Defendants made the representation with the intent that Plaintiff would act on that representation or intended to induce Plaintiff's reliance on the representation.

57. Plaintiff suffered an injury by actively and justifiably relying on that representation.

## VII.

## DAMAGES

58. Plaintiff incorporates each of the foregoing paragraphs.

**A.   Section 1981 Damages**

59. Defendants' actions violated 42 U.S.C. § 1981, which entitles Plaintiff to recover from Defendants back pay, front pay, as well as pre-judgment and post-judgment interest.

60. Plaintiff is also entitled to recover from Defendants compensatory damages as provided for under 42 U.S.C. § 1981a(a)(1).

61. Because Defendants' actions were done with malice and/or reckless indifference to Plaintiff's federally-protected rights, Plaintiff is entitled to recover from Defendants punitive damages as provided for under 42 U.S.C. § 1981a(a)(1) and (b)(1).

62. Plaintiff seeks all damages available under federal law.

**B.    Breach of Contract Damages**

63. Defendants' actions also violated the contract between Defendants and Plaintiff, and violated the Texas common law on contracts, all of which entitle Plaintiff to recover from Defendants the value of the contract owing to Plaintiff, as well as pre-judgment and post-judgment interest.

64. Plaintiff seeks all damages available to him under Texas common law.

**C.    Quantum Meruit Damages**

65. Plaintiff seeks to recover damages equal to the value of the services he provided.

**D.    Fraud Damages**

66. Plaintiff suffered actual damages as a result of Defendants' fraud.

67. Plaintiff seeks all damages available under Texas common law.

## VIII.

## ATTORNEYS' FEES AND COSTS

68. Plaintiff incorporates each of the foregoing paragraphs.

69. Plaintiff retained the services of undersigned counsel to prosecute Plaintiff's claims.

70. Pursuant to 42 U.S.C § 1988, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendants, including reasonable expert fees and costs.

71. Pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code, Plaintiff is entitled to recover a reasonable attorney's fee from Defendants, including reasonable expert fees and costs.

## IX.

## INTEGRATED ENTERPRISE/
## JOINT EMPLOYER/JOINT AND SEVERAL LIABILITY

72. Defendants are an integrated enterprise.

73. Defendants have interrelated operations, and/or centralized control of labor relations and other employment decisions, and/or common management, and/or common ownership and/or financial control.

74. Defendants jointly exerted authority over Plaintiff's employment and/or had the right to exert authority over Plaintiff's employment.

75. Defendants are joint employers of Plaintiff.

76. Defendants are jointly and severally liable for Plaintiffs' injuries and damages.

## X.

## JURY DEMAND

77. Plaintiff incorporates each of the foregoing paragraphs.

78. Plaintiff demands a trial by jury.

# XI.

# **CONCLUSION AND PRAYER**

79. Plaintiff respectfully requests that Defendants be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment awarding Plaintiff:

    A.    Back pay and front pay (including benefits);

    B.    Compensatory damages;

    C.    Punitive damages;

    D.    The financial incentives Plaintiff was not paid;

    E.    Courts costs;

    F.    Pre-judgment and post-judgment interest at the rate set by law; and

    G.    All legal or equitable relief this Court deems proper.

Respectfully submitted,

/s/ Javier Perez
JAVIER PEREZ
Texas Bar No. 24083650
javier@javierperezlaw.com
**PEREZ LAW PLLC**
One Energy Square
4925 Greenville Avenue, Suite 1450
Dallas, Texas 75206
214-499-0667 / 214-550-2566 (Facsimile)
**ATTORNEY FOR PLAINTIFF**