# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | | |
|---|---|---|
| **LEONEL DE LA FUENTE,** § | | |
|    Plaintiff, § | | |
| § | | **CIVIL CAUSE NO.** |
| v. § | | **4:23-cv-00914-P** |
| § | | |
| **NEW MILLENNIUM CONCEPTS LTD.,** § | | |
| **eEMPLOYERS SOLUTIONS, INC.,** § | | |
| **and JAMES B. SHEPHERD,** § | | **JURY TRIAL DEMANDED** |
|    Defendants. § | | |

### DEFENDANT JAMES SHEPHERD'S REPLY IN SUPPORT OF DISMISSAL, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Defendant James Shepherd ("Defendant") herein files his *Reply in Support of Dismissal* ("*Reply*"). Defendant filed his *12(b)(6) Motion to Dismiss* on November 8th, 2023. Plaintiff filed *Plaintiff's Response to Defendant James Shepherd's 12(b)(6)* ("*Response*") on December 6th, 2023. Plaintiff has not amended his *Original Complaint* filed September 4th, 2023. Defendant incorporates his *12(b)(6) Motion to Dismiss* by reference.

Summarizing, even accepting all well-pleaded facts as true, and viewing them in a light most favorable to Plaintiff, Plaintiff still has failed to show a pattern or practice of discrimination as required under § 1981. Plaintiff has not plead a legally cognizable § 1981 claim. Further, Plaintiff has nonsuited his Breach of Contract, Quantum Meruit, and Fraud claims against Defendant James Shepherd. Plaintiff's pleadings show that Plaintiff's department was closed and demonstrate that his termination was not racially motivated or the result of discrimination, but a result of a business reorganization.

Alternatively, while Plaintiff's pleadings necessitate dismissal against Defendant Shepherd under 12(b)(6), sworn affidavits of Defendant James Shepherd, Paul Seibert, Susan Spaar, and Sarah Melton are attached and show there is no genuine dispute of fact and Defendant Shepherd is entitled to dismissal on the merits as a matter of law under Fed. Rul. Civ. Pro. 56.

Case 4:23-cv-00914-P   Document 22   Filed 12/20/23   Page 2 of 13   PageID 127

## TABLE OF CONTENTS

I.   ARGUMENT .................................................................................................................. 4
  A. Plaintiff failed to show discriminatory intent by Defendant, therefore, Plaintiff's § 1981 claim should be dismissed. ............................................................................................. 4
  B. The Court should not consider Plaintiff's *McDonnel Douglas* burden shifting framework and leave to amend Plaintiff's *Original Complaint* should be denied. ........................... 5
    i.   The Court may not consider the *McDonnel Douglas* claim. .................................... 5
    ii.  The Court should not grant Plaintiff leave to amend the *Original Complaint* due to undue prejudice to Defendant Shepherd. ................................................................. 5
  C. In the alternative, Plaintiff has failed to make prima facie § 1981 *McDonnel Douglas* claim or produce substantial evidence under the *McDonnel Douglas* framework. ................... 6
    i.   Plaintiff fails to make a *prima facie* § 1981 *McDonnel Douglas* claim. .................. 7
    ii.  Plaintiff cannot produce substantial evidence of pretext for discrimination under the *McDonnel Douglas* framework and his § 1981 claim should be dismissed. ............. 8
II.  IN THE ALTERNATIVE, SUMMARY JUDGMENT IS APPROPRIATE. ................. 9
  A. The Court may adjudicate this matter through summary judgment. ............................... 9
  B. Alternative reasons for Plaintiff's termination militate against his claims. ................... 10
III. CONCLUSION ............................................................................................................ 11
IV.  ATTORNEY'S FEES .................................................................................................. 12
V.   PRAYER ...................................................................................................................... 12

## INDEX OF AUTHORITIES

**Cases**

*Allen v. Ocwen Loan Servicing, LLC*, No. H-15-1672, 2015 U.S. Dist. LEXIS 182868,
    2015 WL 12778694, at *4 (S.D. Tex. Dec. 24, 2015) ................................................................ 5
*Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.* 160 F.3d 1048, 1050 (5th Cir. 1998) ....... 8
*Jaraba v. Blinken*, 568 F. Supp. 3d 720, 734-35 (W.D. Tex. 2021) .......................................... 5, 6
*Law v. Ocwen Loan Servicing, LLC*, 587 F. App'x 790, 796 (5th Cir. 2014) ............................... 5
*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) .................................................. 5, 6, 7
*Reyna v. Epiroc Drilling Sols.*, Civil Action 3:23-CV-1005-X (N.D. Tex. Nov. 30, 2023) .......... 9
*Sanchez v. Chevron N. Am. Expl. & Prod. Co.*, No. 20-30783,
    p. 10-12 (5th Cir. Nov 24, 2021) ............................................................................................ 8
*Smith v. Sheet Metal Workers Int'l Asso.*, 500 F.2d 741, 744-45 (5th Cir. 1974) ............... 9, 11, 12
*Watkins v. Tregre*, 997 F.3d 275, 282 (5th Cir. 2021) ............................................................. 7, 9

**Statutes**

42 U.S.C. § 1981 ................................................................................................................. passim
Title VII of the Civil Rights Act of 1964 ...................................................................................... 6

**Rules**

Fed. R. Civ. P. 56 .......................................................................................................... 10, 12, 13

## I. ARGUMENT

**A. Plaintiff failed to show discriminatory intent by Defendant, therefore, Plaintiff's § 1981 claim should be dismissed.**

1. Plaintiff's department closure and his subsequent termination were inevitable, irrespective of his race. Plaintiff's termination had nothing to do with his race, nor was race a motivating factor. Plaintiff's position was eliminated because David Shepherd expanded the company without Defendant's authorization, leading to an unsustainable personnel bloat. Plaintiff knew that his position was subject to downsizing and he was only one of many causalities of the ill-advised corporate expansion that Defendant was compelled to unwind in order to prevent the collapse of the business.

2. Plaintiff shows no discriminatory or derogatory remarks regarding Plaintiff or Plaintiff's race. Plaintiff's pleadings show that Plaintiff was let go due to department closure. Defendant Shepherd made no discriminatory or derogatory comments regarding minorities or Plaintiff's race in the January 2021 two-day meeting.

3. Plaintiff alleges a narrative in which Defendant discriminated against him to the benefit of Paul Seibert, whose employment continued when Plaintiff's was terminated. Plaintiff's *Original Complaint* states that Paul Seibert is Jewish in paragraph #17. Plaintiff supplies no real argument or authority that Plaintiff's degrees by themselves make Plaintiff more qualified than Paul Seibert to perform the duties Plaintiff was tasked with before his termination.

4. Plaintiff Leo hired employees under general manager David Shepherd without authorization. Plaintiff and those employees, because they were part of an unauthorized expansion, were subject to the subsequent downsizing. *Id.* The race of Plaintiff or the employees he hired had nothing to do with the downsizing. Plaintiff was made aware of this from the beginning at the January 2021 meeting.

5. Plaintiff has failed to show any intent of discrimination. Plaintiff relies on false statements, which even if accepted as true, shows no intentional discrimination. Plaintiff was not "replaced", but his few duties were given to Paul Seibert, whose pay was not re-negotiated by Defendant Shepherd and who was not given any raises. While it is unfortunate to be caught in a business downsizing, Plaintiff simply was not discriminated against when his position was dissolved and his termination cannot form the basis of a claim under 42 U.S.C. § 1981.

**B. The Court should not consider Plaintiff's *McDonnel Douglas* burden shifting framework and leave to amend Plaintiff's *Original Complaint* should be denied.**

    i.   <u>The Court may not consider the *McDonnel Douglas* claim.</u>

6. Plaintiff has not amended his *Original Complaint* to plead the burden shifting framework of a *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) claim under Title VII of the Civil Rights Act of 1964, but only makes the new claim in his *Response*.

7. "The Court may not consider allegations contained only in Plaintiffs' Response Brief on a motion to dismiss, but it may choose to construe new factual statements as a motion for leave to amend the complaint. *See Allen v. Ocwen Loan Servicing, LLC*, No. H-15-1672, 2015 U.S. Dist. LEXIS 182868, 2015 WL 12778694, at *4 (S.D. Tex. Dec. 24, 2015) (assuming that new allegations in a response opposing a motion to dismiss may be "appropriately construed as a motion for leave to amend" (*citing Law v. Ocwen Loan Servicing, LLC*, 587 F. App'x 790, 796 (5th Cir. 2014))." *See Jaraba v. Blinken*, 568 F. Supp. 3d 720, 734-35 (W.D. Tex. 2021).

8. Because Plaintiff's new allegations are contained only in his *Response*, the Court may not consider the *McDonnel Douglas* allegations against Defendant Shepherd should be dismissed.

    ii.   <u>The Court should not grant Plaintiff leave to amend the *Original Complaint* due to undue prejudice to Defendant Shepherd.</u>

9. If this Court chooses to construe the new allegations as a motion for leave to amend, that constructive motion should be denied because Plaintiff has had ample opportunity to plead his

*McDonnel Douglas* burden shifting framework. Instead, Plaintiff has acted in bad faith and risks undue prejudice against Defendant Shepherd.

10. Leave to amend should not be granted if there is "any apparent or declared reason" counseling against it, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Jaraba*, 568 F. Supp. 3d at 734-3. "The Court accordingly considers the contents of Plaintiffs' Response to determine whether leave to amend is appropriate under the circumstances." *See id.* "Leave to amend should only be denied on grounds of futility if amendment would be 'clearly futile.'" *Id.*

11. In this case, Plaintiff alleges his *McDonnel Douglas* in bad faith and should not be allowed leave to amend due to undue prejudice to the opposing party. According to the first page of Plaintiff's *Response*, Plaintiff nonsuited his Breach of Contract, Quantum Meruit, and Fraud claims against Defendant Shepherd and alleged a *McDonnel Douglas* burden shifting framework to support the § 1981 claim in his *Original Complaint*. Plaintiff did not amend his *Original Complaint* or request leave. Not only are the allegations blatantly false, but Plaintiff has also utterly failed to show any discriminatory intent by Defendant Shepherd. Any amendment would be clearly futile, because Plaintiff cannot show racial discrimination on the part of Defendant Shepherd and he is not an employer for a § 1981 claim.

### C. In the alternative, Plaintiff has failed to make prima facie § 1981 *McDonnel Douglas* claim or produce substantial evidence under the *McDonnel Douglas* framework.

12. In the alternative, if the *Response* is found to be an appropriate vehicle for Plaintiff to allege his *McDonnel Douglas* burden shifting framework, without amending his *Original Complaint*, Plaintiff still fails to either make a plausible prima facie case for racial discrimination or produce substantial evidence of discriminatory intent.

      i.    Plaintiff fails to make a *prima facie* § 1981 *McDonnel Douglas* claim.

13.    Defendant has already provided legitimate nondiscriminatory reasons for terminating Plaintiff in his *12(b)(6) Motion to Dismiss*: downsizing due to the decision-making of the previous general manager, who is Defendant's son, a white male. Plaintiff alluded imprecisely to this in his complaint by stating simply that the previous general manager left the company, though Plaintiff knows well that the previous general manager was terminated and his hires have been let go. ¶ 11 of *Original Complaint*.

14.    Under the *McDonnel Douglas* framework, Plaintiff has shown no discriminatory intent, disparate treatment, or evidence that Defendant's proffered explanation is false or "unworthy of credence." *See Watkins v. Tregre*, 997 F.3d 275, 282 (5th Cir. 2021). According to the *McDonnel Douglas* framework, Plaintiff must first make a prima facie case of race discrimination, at which point the burden shifts to Defendant to proffer a legitimate, nondiscriminatory reason for his action. *Id* at 282. If Defendant does that, "the presumption of discrimination disappears," and Plaintiff "must then produce substantial evidence indicating that the proffered legitimate[,] nondiscriminatory reason is a pretext for discrimination." *See id.*

15.    Plaintiff has failed to show any intentions on the part of Defendant Shepherd to discriminate against Plaintiff. Plaintiff's allegations cannot escape the fact that his termination resulted from poor management decisions on the part of his immediate superiors and the inevitable downsizing that ensued.

16.    Lastly, as Plaintiff has now recognized by nonsuiting his breach claims against Defendant Shepherd, Shepherd has never been Plaintiff's employer, and Plaintiff had never had a contractual relationship with Defendant Shepherd individually. *Id.* Plaintiff does not explain how he is in contract with Defendant Shepherd. In fact, Plaintiff admits that "Plaintiff had a written employment contract with New Millennium". *See pg. 7* of *Response*.

17. Plaintiff cites to *Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.* 160 F.3d 1048, 1050 (5th Cir. 1998), to somehow stretch New Millennium's alleged contractual relationship with Plaintiff over Defendant Shephard individually. However, in *Fadeyi*, the plaintiff alleges § 1981 claims against the employer Defendant rather than a managing individual within the entity. *See id.* Defendant James Shepherd, individually, is not Plaintiff's employer and is thus no proper Defendant against Plaintiff's § 1981 claim. Plaintiff's contentions are misplaced.

18. As Plaintiff can show no race discrimination, and because Defendant Shepherd as an individual is not an employer for the purpose of Plaintiff's § 1981 claim, it should be dismissed.

   ii. <u>Plaintiff cannot produce substantial evidence of pretext for discrimination under the *McDonnel Douglas* framework and his § 1981 claim should be dismissed.</u>

19. If it is found that Plaintiff made a prima facie racial discrimination claim, his § 1981 claim should still be dismissed for lack of substantial evidence.

20. "Evidence is substantial if it is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." *Id*. Plaintiff "may establish pretext either through evidence of disparate treatment or by showing that [Defendant's] proffered explanation is false or 'unworthy of credence.'" *Id.* Plaintiff has shown no disparate treatment, nor has he shown that Defendant's proffered explanation is false or "unworthy of credence." *See id; see also, Plaintiff's Original Complaint* and *Response*.

21. Plaintiff has produced no evidence indicating that the proffered legitimate, nondiscriminatory reason for his termination is false or unworthy of credence or evidence of disparate treatment. *See id.* Further, Plaintiff refuses to acknowledge the necessary nature of the downsizing that resulted in his termination due to the previous general manager's bad choices. *See Sanchez v. Chevron N. Am. Expl. & Prod. Co.*, No. 20-30783, p. 10-12 (5th Cir. Nov 24, 2021). Plaintiff has not stated a plausible claim that Defendant made derogatory remarks regarding Plaintiff's race. *See Reyna v. Epiroc Drilling Sols.*, Civil Action 3:23-CV-1005-X (N.D. Tex. Nov.

30, 2023). Plaintiff cannot provide evidence of disparate treatment or any reason that Defendant's proffered explanation is false or "unworthy of credence." *See id; see 12(b)(6) Motion to Dismiss; see Response*; *see Watkins*, 997 F.3d at 282.

22. Viewing the evidence in the light most favorable to Plaintiff, Plaintiff has failed to produce substantial evidence of pretext based on disparate treatment or by showing that Defendant Shepherd's explanation is false. Plaintiff failed to show that Defendant Shepherd treated Plaintiff worse than similarly situated individuals. *Id.* Plaintiff has failed to show that downsizing was not the real reason for Plaintiff's termination. *Id.* Plaintiff's claims against Defendant James Shepherd should be dismissed with prejudice.

## II. IN THE ALTERNATIVE, SUMMARY JUDGMENT IS APPROPRIATE.

### A. The Court may adjudicate this matter through summary judgment.

23. In the alternative, the court may rely on the attached sworn affidavits from Defendant James Shepherd, Paul Seibert, Susan Spaar, and Sarah Melton and automatically convert Defendant James Shepherd's *Motion to Dismiss 12(b)(6)* into a summary judgment motion on the merits according to Fed. R. Civ. P. 56. *See Smith v. Sheet Metal Workers Int'l Asso.*, 500 F.2d 741, 744-45 (5th Cir. 1974); *See* Exhibits A-E. The affidavits show no genuine dispute of fact that Defendant Shepherd did not discriminate against Plaintiff and that Defendant Shepherd is entitled to judgment as a matter of law on the merits of Plaintiff's § 1981 claim. *See* Exhibits A-E.

24. Defendant Shepherd, Paul Seibert, and Susan Spaar, members of the management team that were present at the January 2021 meeting, adamantly deny that Defendant Shepherd made the statements at issue. *See* Exhibit A-C. The management team verifies that Plaintiff was made aware of the eventual downsizing at the meeting. *Id.*

25. Defendant Shepherd did not negotiate Paul Seibert's pay or give him a pay increase. Paul Seibert seniority and over 40 years of experience in the telecom and PC industry, making him the

obvious choice if an employee was to be retained and assigned the work of salvaging the department. *See* Exhibit B. Further, Paul Seibert's official title, as recognized by eESI, remained unchanged. *Id.* His internal NMCL title has changed multiple times, but his role in the company has not materially changed. *Id.* When Plaintiff was let go, his few duties were assigned to Paul Seibert in addition to Seibert's normal tasks. *Id.* Plaintiff never complained about Paul Seibert, his title, or any issues of payment during the reign of the previous general manager. *Id.* Furthermore, Seibert is a descendant of Ashkenazi Jews from Germany, further casting doubt on Plaintiff's assertions that Defendant is motivated by white supremacy or antisemitic sentiments. *Id.*

**B.  Alternative reasons for Plaintiff's termination militate against his claims.**

26.   Defendant Shepherd fired the previous general manager, David Shepherd, his own son, a white male. *See* Exhibit A. Insisting that Plaintiff's termination must be racially-motivated when Defendant was forced to terminate even his own son is patently absurd.

27.   There have been many minorities employed by NMCL over the years, there is no pattern or practice of discrimination. For instance, just in this past May, a Hispanic woman was hired. Exhibit A. 100% of Defendant Shepherd's employees in Puerto Rico are Hispanic as well. *Id.*

28.   Exhibit D and E show Plaintiff's scheme of approaching Sarah Melton to bait her into providing statements for this lawsuit. In Exhibit D, he came to discuss a firing that Plaintiff "knew for some time". The conversation shows Plaintiff's active awareness of "how easy it is" to try to sue under claims of racial discrimination and that Plaintiff brought up ethnicity and made the "pattern" comment first and now projects his statement onto Sarah. The characterization by Plaintiff that "Sarah Melton, New Millennium's HR Liaison, told Plaintiff she was concerned that New Millennium was "establishing a pattern of only terminating minorities" does not hold up. *See* Exhibit A-D. Sarah Melton was Leo's administrative assistant and not an "HR Liaison". *See* Exhibit A & E. Further, Plaintiff's bad faith is apparent because Defendant James Shepherd never

made any of the vile comments alleged by Plaintiff at the January 2021 two-day meeting. *See* Exhibit A-D. (Jim Shepherd's declaration at Exhibit A, para. 6 supports the admissions of Fuente contained in Exhibit D.)

29. Plaintiff has failed to make a prima facie case of racial discrimination and failed to provide any evidence that Defendant's stated reasons for firing Plaintiff should be considered untrue. *See* Exhibit A. Plaintiff cannot provide any evidence other than his own testimony, made in bad faith, that Defendant ever made the vile statements alleged. Plaintiff was, by his own admission, told at the January 2021 two-day meeting to expect the downsizing that resulted in his termination. *See* Exhibit A-C. Further, Paul Seibert, a member of another racial minority, took over the few tasks that Plaintiff had routinely failed to perform and received neither a promotion nor a pay increase. *See* Exhibit B. Plaintiff quotes Sarah Melton without context to allege a pattern of discrimination; however, such a pattern clearly does not exist, as Defendant's own son, a white male, was the first to be let go in the downsizing process. *See* Exhibit A-E. Plaintiff acted in bad faith. *Id.* Defendant did not discriminate against Plaintiff.

30. There is no genuine dispute of fact that alternative reasons for Plaintiff's termination, preventing Plaintiff's success here. *See* Exhibit A-E. Because Defendant Shepherd did not discriminate against Plaintiff, Defendant is entitled to summary judgment on Plaintiff's § 1981 claim. *See id. See also* Fed. R. Civ. P. 56; *Smith*, 500 F.2d at 744-45.

### III.   CONCLUSION

31. Because Plaintiff only made new allegations under the *McDonnel Douglas* framework in his *Response*, they should not be considered. If the new allegations are considered as a request for leave to amend, it should be denied due to Plaintiff's bad faith and unfair prejudice to Defendant Shepherd.

32. Plaintiff failed to make a prima facie case of race discrimination under § 1981, because Plaintiff's department was closed and Defendant did not discriminate against Plaintiff. In the alternative, Plaintiff failed to produce substantial evidence indicating that the proffered legitimate nondiscriminatory reason was a pretext for discrimination. Plaintiff's § 1981 claim must be dismissed according to Fed. Rul. Civ. Pro. 12(b)(6).

33. In the alternative, this Court may consider the attached sworn affidavits and evidence and see there is no genuine dispute of fact that Defendant Shepherd did not discriminate against Plaintiff. *See* Exhibit A-E. Because Defendant Shepherd did not discriminate against Plaintiff, Defendant is entitled to summary judgment on Plaintiff's § 1981 claim. *See* Exhibits A-E; *See also* Fed. Rul. Civ. Pro. 56; *Smith*, 500 F.2d at 744-45.

## IV.   ATTORNEY'S FEES

34. According to Federal Rules of Civil Procedure 54 and 42 U.S.C. § 1988, Defendant asks for this Court to award attorney's fees on Plaintiff's nonsuited claims against Defendant Shepherd, specifically the Breach of Contract, Quantum Meruit, and Fraud claims. Further, Defendant asks for attorney's fees on the § 1981 claim once dismissed.

## V.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays this Court enter a judgment that Plaintiff takes nothing by his claims and award to Defendant for such other and further relief, both general and special, at law or in equity, to which the Defendant may be justly entitled.

Respectfully submitted,

*/s/Warren V. Norred*
Warren V. Norred, warren@norredlaw.com, Texas Bar Number: 24045094
Norred Law, PLLC; 515 E. Border St.; Arlington, TX 76010
(817) 704-3984 (Office); (817) 524-6686 (Fax)
*Counsel for Defendant Jim Shepherd*

Exhibits:
Exhibit A – Declaration of James "Jim" Shepherd
Exhibit B – Declaration of Paul Seibert
Exhibit C – Declaration of Susan Spaar
Exhibit D – Slack Screenshot – Sarah Melton
Exhibit E – Declaration of Sarah Melton


**CERTIFICATE OF SERVICE** - I certify that on Wednesday, December 20, 2023, I filed this reply with the Clerk of the Court through the ECF system, which will send notification of such filing to the following to all attorneys receiving service by email, including:

>Javier Perez
>Texas Bar No. 24083650
>javier@javierperezlaw.com
>PEREZ LAW PLLC
>One Energy Square
>4925 Greenville Avenue, Suite 1450
>Dallas, Texas 75206
>214-499-0667 / 214-550-2566 (Facsimile)
>*ATTORNEY FOR PLAINTIFF*
>
>*/s/Warren V. Norred*
>Warren V. Norred