UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**LEONEL DE LA FUENTE,**

    Plaintiff,

v.                                                    **No. 4:23-cv-00914-P**

**JAMES B. SHEPHERD, ET AL.,**

    Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant James Shepherd's Motion to Dismiss (ECF No. 13) and Alternative Motion for Summary Judgment (ECF No. 22). Having considered the Motions, the Court concludes that the Motions should be and are hereby **DENIED**.

## BACKGROUND

This case arises from Plaintiff Leonel De La Fuente's employment and termination from New Millennium Concepts, LTD. Plaintiff is a Hispanic man who immigrated from Venezuela. He worked as a Senior Operations Manager at New Millennium, a company owned by Defendant James Shepherd. Plaintiff was hired in October 2019 by Mr. Shepherd's son, David Shepherd, at which point Plaintiff entered into an employment contract. David Shepherd left the company in December 2020. In January 2021, Plaintiff met with Mr. Shepherd and others at Mr. Shepherd's Colorado residence. Plaintiff alleges Mr. Shepherd made derogatory comments at this meeting about immigrants. Months after this incident, beginning in October 2021, Plaintiff alleges New Millennium failed to pay him certain compensation owed under his employment contract. When Plaintiff reached out to Mr. Shepherd, he allegedly put off the issue and never paid Plaintiff his owed compensation.

In June 2022, Mr. Shepherd terminated Plaintiff, explaining that his position and department were being closed down due to economic conditions. Plaintiff alleges that his department was never closed down, and he was replaced with a less qualified white man. Plaintiff filed this action in September 2023, in which he asserts claims for Section 1981 violations, breach of contract, quantum meruit, and fraud. Mr. Shepherd filed a Motion to Dismiss, which is now before the Court. Mr. Shepherd's Reply is styled a "Reply in Support of Dismissal, or in the Alternative, Motion for Summary Judgment." This purported Alternative Motion for Summary Judgment is also before the Court.

## LEGAL STANDARD

Rule 12(b)(6) allows a defendant to move to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). In evaluating a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). "Further, 'all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)). However, courts are not bound to accept as true legal conclusions couched as factual allegations. *See In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The well-pleaded facts must permit the court to infer more than the mere possibility of misconduct. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint must allege enough facts to move the claim across the line from conceivable to plausible. *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether the plausibility standard has been met is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

# ANALYSIS

## A.  Mr. Shepherd's Motion for Summary Judgment

As an initial matter, Mr. Shepherd filed a "Reply in Support of Dismissal, or in the Alternative, Motion for Summary Judgment." ECF No. 22. The Court notes that a Reply is not the proper procedural vehicle to introduce a motion for summary judgment. "Reply briefs cannot be used to raise new arguments." *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016). But to the extent Mr. Shepherd has submitted materials outside the pleadings, the Court must determine whether to convert Mr. Shepherd's Motion to Dismiss into a Motion for Summary Judgment.

Pursuant to FED. R. CIV. P. 12(d), a motion to dismiss is converted to a motion for summary judgment when "matters outside of the pleadings are presented to and not excluded by the court." If the court converts the motion to dismiss into a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* When non-pleading materials are filed with a motion to dismiss, the district court has "complete discretion under the Federal Rules of Civil Procedure to either accept the exhibits submitted or not, as it sees fit." *Isquith v. Middle S. Util. Inc.*, 847 F.2d 186, 196 (5th Cir. 1988).

Ordinarily, summary judgment occurs during or after the close of discovery. *See Luna v. Am. Nat'l Ins. Co.*, No. EP-21-CV-00064-FM, 2021 WL 1911339, at *4 (W.D. Tex. May 12, 2021) (Montalvo, J.). "This is at least in part because Rule 56's notice requirement is intended to prevent the premature cut-off of discovery." *Id.* (citing *Clark v. Tarrant Cnty.*, 798 F.2d 736, 746 (5th Cir. 1986)). "Conversion of a motion to dismiss prior to commencement of discovery is unlikely to give parties a 'full, fair, and wholly adequate opportunity for discovery.'" *Id.* Plaintiff raises this point in his Response to Defendant's Alternative Motion for Summary Judgment, stating: "[i]f the Court were inclined to potentially grant Shepherd's MSJ, De La Fuente would ask the Court's permission for him to first conduct written and oral discovery regarding critical topics relevant to his challenged claim." ECF No. 23 at 2. For this reason—to give Plaintiff an opportunity to conduct discovery—the Court will not convert Mr. Shepherd's Motion to Dismiss into a Motion for Summary Judgment. The Court excludes matters outside the pleadings

that have been presented and will not consider them in ruling on Mr. Shepherd's Motion to Dismiss. *See Isquith*, 847 F.2d at 196.

Accordingly, Mr. Shepherd's Alternative Motion for Summary Judgment is **DENIED without prejudice** so that Mr. Shepherd may later file a motion for summary judgment if he so chooses.

### B. Mr. Shepherd's Motion to Dismiss

Mr. Shepherd also argues that each of Plaintiff's claims against him should be dismissed under Rule 12(b)(6). *See* ECF No. 13 at 3–6. In Plaintiff's Response, Plaintiff nonsuits his breach of contract, quantum meruit, and fraud claims against Mr. Shepherd. *See* ECF No. 19 at 1 n.2. Thus, the issue before the Court is whether Plaintiff has failed to state a claim for violations of Section 1981.

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts." 42 U.S.C. § 1981(a). The statute defines "[m]ake and enforce contracts" as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b); *Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2003). To bring a § 1981 claim for contractual discrimination, a plaintiff must allege that (1) he is a member of a racial minority, (2) the defendant intended to discriminate on the basis of race, and (3) the discrimination concerned one or more activities enumerated in the statute. *See Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (citing *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997)).

As to the first element, Plaintiff has sufficiently alleged that he is a member of a racial minority. *See* ECF No. 1 at 3 ("Plaintiff is a Hispanic male who immigrated from Venezuela."). As to the third element, because "performance" and "termination of contracts" are activities enumerated in the statute, any failure to perform or termination of Plaintiff's employment contract concerned an activity enumerated in the statute. *See* 42 U.S.C. § 1981(b); ECF No. 1 at 4–5 (alleging Mr. Shepherd "terminated Plaintiff's employment" and "failed to pay Plaintiff" his compensation owed under his employment contract). Thus,

the remaining question is whether Plaintiff has sufficiently alleged Mr. Shepherd intended to discriminate on the basis of race.

"While 'naked allegations' of discriminatory intent are too conclusory to survive a motion to dismiss, discriminatory motive may be—and commonly is—demonstrated by circumstantial evidence." *Body by Cook, Inc.*, 869 F.3d at 386 (internal citations omitted). A plaintiff need not establish "but for" causation at the prima facie stage of a discrimination case. *Id.* An allegation that "similarly situated non-minorities received better treatment could create the necessary inference" of discriminatory intent and "set the predicate for establishing the section 1981 claim." *Id.* (quotations omitted). Further, "allegations of derogatory remarks about the plaintiffs' protected class, combined with demotions, restrictions in job duties, and demeaning comments, [are] sufficient to survive [a] motion to dismiss." *Reyna v. Epiroc Drilling Sols., LLC*, No. 3:23-CV-1005-X, 2023 WL 8285021, at *3 (N.D. Tex. Nov. 30, 2023) (Starr, J.) (citing *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 765, 768 (5th Cir. 2019)).

Here, Plaintiff alleges that Mr. Shepherd made derogatory comments that "immigrants were coming into the United States and voting and that this was a threat to the white population." ECF No. 1 at 4. Plaintiff also alleges that he was replaced by a less qualified white man, who "has no college education whereas Plaintiff has both [a] Bachelor['s] and Master of Business Administration degrees." *Id.* at 3. Further, Plaintiff alleges "the last several individuals Defendants terminated were all ethnic minorities," including "[s]ales employee Gus Garcia, a Hispanic male from Central America." *Id.* at 5. Finally, Plaintiff alleges that other individuals within the company expressed concern that the company was "establishing a pattern of only terminating minorities." *Id.*

Taking these allegations as true and viewing them in the light most favorable to Plaintiff, Plaintiff has plausibly alleged that Mr. Shepherd intended to discriminate on the basis of race. Plaintiff alleges Mr. Shepherd made derogatory remarks about Plaintiff's protected class and terminated his employment. *See id.* at 4. Plaintiff also alleges that he was replaced by a less qualified individual outside his protected class, that other members of his protected class were terminated, and that his termination was part of a pattern of only terminating minorities. *See id.* at 3–5. Taken together, these allegations permit the Court to infer Mr.

Shepherd had discriminatory intent. Thus, Plaintiff's allegations are sufficient to survive a motion to dismiss. Accordingly, Mr. Shepherd's Motion is **DENIED**.

## CONCLUSION

For the reasons stated above, Mr. Shepherd's Motion to Dismiss (ECF No. 13) is **DENIED**. Mr. Shepherd's "Reply in Support of Dismissal, or in the Alternative, Motion for Summary Judgment" (ECF No. 22) is **DENIED without prejudice**.

**SO ORDERED** on this **1st day of February 2024.**

Mark T. Pittman
UNITED STATED DISTRICT JUDGE

6